## H. R. Paul and J. T. Gill v. Tot M. Paul.

1. CONTRACTS—*Construction of.*—The presumption of law is in favor of the legality of a contract; and therefore, if it be reasonably susceptible of two meanings, one legal and the other not, that interpretation shall be put upon it which will support and give it operation.

**Transcript,** from a justice of the peace. Appeal from the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge, presiding. Heard in this court at the March term, 1897. Affirmed. Opinion filed June 14, 1897.

EDGAR BRONSON TOLMAN, attorney for appellants.

W. A. FOSTER, attorney for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

This is an action upon a promissory note given to the appellee for part of the arrears of alimony due in a separate maintenance suit from one now dead, and never a party to this suit.

The defense is that among the terms of a settlement, was one that appellee should file a bill for divorce from her husband, which he would not defend, and that upon that bill a decree should be entered against him, with a gross sum for alimony in both the divorce and separate maintenance cases, secured by notes of which this is one; and there is in the evidence ground for a very strong suspicion that · the defense is true.

But the court held all propositions of law presented by the, defendants, and decided the case against them upon evidence giving color to the theory that the settlement of the arrears of alimony was independent of the subsequent divorce; and the defense is so inequitable that no court would sustain it if it could be avoided.

The judge, trying the case without a jury, had the advantage—which we have not—of seeing the witnesses, and we will not set aside his conclusion.

The arrears were nearly fifty per cent more than all securities given for the payment of the sum agreed upon, and it may well be held that while the agreement for obtaining a divorce induced the husband and his relatives to give security for the compromise sum, yet the consideration for those securities was the debt of record which the husband owed the wife, and that the agreement to procure a divorce was collateral only.

Instances of similar arrangements often occur between brewers and their customers, in which the brewer guarantees rent, and agrees to furnish fixtures, and the customer undertakes to buy beer only from that brewer at an agreed price.

In such a case the consideration of a note given for the price of beer could not be attacked for failure of the brewer to comply with the agreement as to fixtures, although such failure might perhaps be the basis of a counter-claim.

"The presumption of law, however, is in favor of the legality of a contract; and therefore, if it be reasonably susceptible of two meanings—one legal and the other not—that interpretation shall be put upon it which will support and give it operation." Chit. on Contracts, 977.

The judgment is affirmed.